UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA

   · vs ·

GENNADY KLOTSMAN

------------------------------------x

AMENDED
JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

Docket # CR 98-1069
      And CR 02-1313

Defendant's attorney:
Alexie Schacht

**The defendant pled guilty to count #1 of an information in CR 98-1069
and count #1 in CR 02-1313.**

    Accordingly, the defendant is ADJUDGED guilty of such counts, which
involves the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER |
|---|---|---|
| 18 U.S.C.sec. 1962(c) & 1963(a). | Racketeering. | #1 in 98-1069 |
| 18 U.S.C.,sec. 1001. | | #1 in 02-1313 |

The defendant is sentenced as provided in pages 2 through 6.
of this judgment.

The sentence is imposed pursuant to the Sentencing Reform Act of 1984, and upon
motion of the government for a downward departure, pursuant to 5K 1.1.
Open counts are dismissed upon motion of the government.

    X The mandatory special assessment is included in the portion of this
Judgment that imposes a fine.
It is ordered that the defendant shall pay to the United States a special
assessment of $, which shall be due immediately.

    It is ordered that the defendant shall notify the United States
Attorney for this district within 30 days of any change of residence
or mailing address until all fines, restitution, costs, and special
assessments imposed by this Judgment are fully paid.

**Defendant's Soc. Sec #** ▮▮▮▮▮▮▮

**Defendant's address:**
Undomiciled

**December 16, 2002**

**Date of Imposition of sentence**

_[signature]_

I. LEO GLASSER, U.S.D.J.
Name & Title of Judicial Officer
A TRUE COPY ATTEST
DATED: _January 21_ 2003
ROBERT C. HEINEMANN
Clerk
By: _[signature]_
DEPUTY CLERK

DEFENDANT NAME: GENNADY KLOTSMAM

CASE NUMBER: CR 98-1069 and CR 02-1313                    Page 2 of 6.

### IMPRISONMENT

Upon motion of the government for a downward departure, the defendant

is hereby committed to the custody of the United States Bureau of

Prisons, to be imprisoned for a term of (71) seventy one months on

CR 98-1069 and on CR 02-1313, he is sentenced to imprisonment for (5)

Five months, to run concurrent with the 98-1069 RICCO indictment and

(1) one month under 3147, consecutive to 71 and 5, for a total of

(72) seventy two months.

The court recommends
  that the defendant be designated to F.P.I. Allenwood, and a drug
  treatment program.

  _X The defendant is remanded to the custody of the U. S. Marshal


The defendant shall surrender to the United States Marshal for this
  District:

As notified by the Marshal.

The defendant shall surrender for service of sentence to institution
  designated by the Bureau of Prisons:
  on

  ____as notified by the United States Marshal.
  ____as notified by the Probation or Pretrial Services Office.

                         RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____to_____

at_____with a certified copy of this judgment.

                         _____
                         United States Marshal

                         By_____

USCA2 17

Defendant: GENNADY KLOTSMAN

Page 3 of 6.

CASE NUMBER # CR 98-1069 and CR 02-1313.


SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on

supervised release for THREE YEARS on both CR 98-1069 and CR 02-1313,

Which will run concurrent.



While on supervised release, the defendant shall not commit another Federal, State or local crime and shall comply with the standard conditions that have been adopted by this Court (set forth on the following page) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

____The defendant shall pay any fines that remain unpaid at the
      commencement of the term of supervised release.

USCA2 18

DEFENDANT: GENNADY KLOTSMAN

Case Number: CR 98-1069 and CR 02-1313   Page 4 of 6

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $100,200.00

consisting of a fine of $100,000.00 and a special assessment of $200.00.

Defendant: GENNADY KLOTSMAN

<u>RESTITUTION</u>          Page 5 of 6.

CASE NUMBER # CR 98-1069 and CR 02-1313

<u>The defendant shall make restitution payable to the   Clerk of the Court,</u>

<u>in the amount of FORTY MILLION ($40,000,000.00) DOLLARS.</u>

DEFENDANT: GENNADY KLOTSMAN

Case Number: CR 98-1069 and CR 02-1313

## STANDARD CONDITIONS OF SUPERVISION

           While the defendant is on probation or supervised release
pursuant to this Judgment:

1)    The defendant shall not commit another Federal, State or local crime:
2)    The defendant shall not leave the judicial district without the
      Permission of the court or probation officer;
3)    The defendant shall report to the probation officer as directed by the
      court or probation officer and shall submit a truthful and complete
      written report within the first five days of each month;
4)    The defendant shall answer truthfully all inquiries by the probation
      officer and follow the instructions of the probation officer;
5)    The defendant shall support his or her dependents and meet other family
      responsibilities;
6)    The defendant shall work regularly at a lawful occupation unless
      excused by the probation officer for schooling, training, or other
      acceptable reasons;
7)    The defendant shall notify the probation officer within seventy-two
      hours of any change in residence or employment;
8)    The defendant shall refrain from excessive use of alcohol and shall not
      purchase, possess, use, distribute, or administer any narcotic or other
      controlled substance, or any paraphernalia related to such substances,
      except as prescribed by a physician;
9)    The defendant shall not frequent places where controlled substances are
      illegally sold, use, distributed, or administered;
10)   The defendant shall not associate with any persons engaged in criminal
      activity, and shall not associate with any person convicted of a felony
      unless granted permission to do so by the probation officer;
11)   The defendant shall permit a probation officer to visit him or her at
      any time at home or elsewhere and shall permit confiscation of any
      contraband observed in plain view by the probation officer;
12)   The defendant shall notify the probation officer within seventy-two
      hours of being arrested or questioned by a law enforcement officer;
13)   The defendant shall not enter into any agreement to act as an informer
      or a special agent of a law enforcement agency without the permission
      of the court;
14)   As directed by the probation officer, the defendant shall notify third
      parties of risks that may be occasioned by the defendant's criminal
      record or personal history or characteristics, and shall permit the
      probation officer to make such notifications and to confirm the
      defendant's compliance with such notification requirement.